SWAIN, P. J.
The defendant was convicted of violating section 55.05 of the Los Angeles Municipal Code. He appeals from the judgment.
Appellant’s principal contention is that the city ordinance is void because by Penal Code section 12025 the state has preempted the field. He relies on Abbott v. City of Los Angeles (1960) 53 Cal.2d 674 [3 Cal.Rptr. 158, 349 P.2d 974] and the several cases which follow it. There is no merit in his contention. Appellant who was riding as a guest in the back seat of an automobile had concealed a loaded .38 calibre Colt revolver under the carpet on the floor of the car. He was not violating Penal Code section 12025 because the gun was not concealed upon his person and the vehicle was not under his control or direction. The section provides in part: “Except as otherwise provided in this chapter, any person who carries concealed upon his person or concealed within any vehicle which is under his control or direction any pistol, revolver, or other firearm capable of being concealed upon the person without having a license to carry such firearm as provided in this chapter is guilty of a misdemeanor. ...” He was, however, guilty of violating section 55.05 of the Los Angeles Municipal Code which provides: “ (e) It shall be unlawful for any person to have in his possession, in any automobile any dangerous or deadly weapon, but this restriction shall not be deemed to prohibit the carrying of ordinary tools or equipment carried in good faith for uses of honest work, trade or business, or for the purpose of legitimate sport or recreation.” It is undisputed that he had in his possession in an automobile a dangerous and deadly weapon without then and there having a permit so to do. The situation, therefore, is that the state has partially occupied the field of carrying concealed weapons but has not fully occupied it. This does not solve our problem because “In determining whether the Legislature intended to occupy a particular field to the exclusion of all local regulation,'.we may look to the ‘whole purpose and
*906 scope of the legislative scheme’ and are not required to find such an intent solely in the language used in the statute. (Tolman v. Underhill, supra [39 Cal.2d 708, 712 (249 P.2d 280), at p. 712 [6] ; Abbott v. City of Los Angeles, supra, at pp. 682 [9], 684.)” (In re Lane (1962) 58 Cal.2d 99, 102 [22 Cal.Rptr. 857, 372 P.2d 897].) In a concurring opinion in the Lane case the Chief Justice said, p. 110, “Whether a particular statute or group of statutes is sufficiently comprehensive to show an intent to occupy the entire field is a matter which cannot properly be decided upon the basis of any single, precise test. Bather, the courts must rely upon broad general principles which are flexible enough to embrace our varied and rapidly expanding body of legislation. .. . One of the factors stressed in the decisions is whether or not the subject calls for uniform treatment throughout the state.”
Our work has been simplified by the excellent opinion in People v. Commons (1944) 64 Cal.App.2d Supp. 925 [148 P.2d 724] written by the late Hartley Shaw when he was presiding judge of the appellate department of this court. The Honorable W. Turney Fox, now Presiding Justice of Division Two of the Second District of the District Court of Appeal, concurred. It holds that Los Angeles Municipal Code section 55.05 (the very section with which we are concerned) is valid insofar as it does not duplicate the “Dangerous Weapons’ Control Law of 1923” (Stats. 1923, p. 695, as amended; Deering’s Gen. Laws, 1937, Act 1970.) That statute is the parent of Penal Code section 12025. The parent and child are exactly alike insofar as the provisions affecting this action are concerned. (People v. Commons, supra, holds, “The Dangerous Weapons Control Law (Stats. 1923, p. 695, as amended, Deering’s Gen. Laws, Act 1970) does not occupy the entire field so as to preclude local legislation, such as a city ordinance regulating or prohibiting the carrying of deadly weapons, even though not concealed. . . . Although Los Angeles Mun. Code, § 55.05, relating to deadly weapons, is invalid so far as it overlaps the state law with respect to the carrying of concealed weapons, and the unconcealed carrying of certain weapons by aliens and other particularly specified persons, this fact does not invalidate the remainder of the ordinance, the valid being separable from the invalid portions.” This decision was approved by Daniel v. Board of Police Comrs. (1961) 190 Cal.App.2d 566 [12 Cal.Rptr. 226]. At page 570 the court said, “ ‘The mere fact *907 that a state law contains detailed and comprehensive regulations of a subject does not, of itself, establish the intent of the Legislature to occupy the entire field to the exclusion of local legislation. ’ (People v. Commons, 64 Cal.App.2d Supp. 925, 931. . . .) ” At page 571, “In People v. Commons, supra, 64 Cal.App.2d Supp. 925, it was said at page 932 (in quoting from In re Hoffman, 155 Cal. 114, 118 [99 P. 517, 132 Am.St.Rep. 75]): ‘The state in its law deals with all of its territory and all of its people. The exactions which it prescribes operate (except in municipal affairs) upon the people of the state, urban and rural, but it may often, and does often happen that the requirements which the state sees fit to impose may not be adequate to meet the demands of densely populated municipalities; so that it becomes proper and even necessary for municipalities to add to state regulations provisions adapted to their special requirements. ’ ” The above portion of the Supreme Court opinion quoted in Daniel v. Board of Police Comrs. throws a flood of light on our problem. Los Angeles is a densely populated municipality. The danger from gunmen in a large city is far greater than in a sparsely settled rural area and is a more frequent occurrence. The weapon which the appellant had in his possession was not only dangerous and deadly but it was loaded. It is unthinkable that the Legislature intended to deny the public in Los Angeles the protection which the ordinance gives. This is fortified by the statement in Abbott v. City of Los Angeles (1960) 53 Cal.2d 674, 685 [3 Cal.Rptr. 158, 349 P.2d 974], “That the state Legislature has not included as many types of crime within this specific portion of the statute [title 2 of part IV of the Penal Code—Unlawful Carrying and Possession of Concealed Weapons] as does the ordinance is merely indicative of the fact that the state Legislature did not deem such was necessary in the overall state scheme.”
The judgment is affirmed.
Huls, J., and Bishop, J.,* concurred.

Assigned by Chairman of Judicial Council.